## 15063.  BROWN v. THE STATE.

BLOODWORTH, J.  1. In the brief of counsel for the plaintiff in error there is no general insistence on all the grounds of the motion for a new trial, and as the special grounds of the motion are not referred to in the brief, they will be treated as abandoned.

2. On the trial the evidence of the accomplice as to the guilt of the accused was direct and authorized his conviction.  While the evidence of an accomplice must be corroborated, the extent of the corroboration is a question entirely for the jury.  In this case there was some corroborating testimony, and this court will not say that the evidence did not authorize the verdict.

> Judgment affirmed.  Broyles, C. J., and Luke, J., concur.
>
> DECIDED JANUARY 16, 1924.

Indictment for manufacture of liquor; from Spalding superior court—Judge Searcy.  September 8, 1923.

Byars, Futral & Wood, for plaintiff in error.

E. M. Owen, solicitor-general, contra.

---

## 15064.  BROWN v. THE STATE.

BLOODWORTH, J.  The motion for a new trial in this case contained no special grounds, and there was some evidence to support the verdict.

> Judgment affirmed.  Broyles, C. J., and Luke, J., concur.
>
> DECIDED JANUARY 18, 1924.

Indictment for possession of liquor; from Spalding superior court—Judge Searcy.  September 22, 1923.

Byars, Futral & Wood, for plaintiff in error.

E. M. Owen, solicitor-general, contra.

---

## 15109.  LINGO v. PHŒNIX HERMETIC COMPANY.

BROYLES, C. J.  1. The court did not err in overruling the demurrer interposed to the original suit and the suit as amended.  The demurrer, as clearly shown by its particular wording, was directed solely against the original suit, and the amended suit was not subject to any ground of the demurrer, and the court properly so held.  Nor was the allowance of the amendment error, since the procedure in the municipal court of Atlanta, in regard to pleadings, is the same as that of a justice's court.

2. The admission in evidence of the original order signed by the defendant was not error for any reason assigned.

3. After considerable documentary and oral evidence had been introduced by the plaintiff, it was not error to overrule a motion by the defendant's counsel to exclude "all the oral testimony and all the written testimony that was introduced by the plaintiff by any of its witnesses or any of its